[See Case No. 17,809.]

═══════

## Case No. 17,809.

### WILSON v. HURST.

[Pet. C. C. 441.] [1]

Circuit Court. D. Pennsylvania. April Term, 1817.

WRITS — CONCLUSIVENESS OF RETURN — PLEA OF PAYMENT—ASSIGNMENT OF WORTHLESS BONDS—PRACTICE.

1. The return of the marshal to a writ, cannot be traversed in an action between the parties to the suit in which the writ issued.

[Cited in Lowry v. Coulter, 9 Pa. St. 353. Cited in brief in Paxton v. Steckel, 2 Pa.

───── ──

1 [Reported by Richard Peters, Jr., Esq.]

St. 94. Cited in Phillips v. Elwell, 14 Ohio St. 244.]

2. Bonds, assigned to be applied to the discharge of a debt for which a suit is brought, although they are not returned to the assignor, cannot be given in evidence on the plea of payment, it being proved that the consideration of the bonds had failed, and that they had been acknowledged by the assignor to be of no value.

3. A payment which might have been pleaded to the original scire facias to revive a judgment, cannot be given in evidence on a second scire facias.

4. On the plea of "no assets," the practice in Pennsylvania is, for the jury to find for the defendant, and for the plaintiff to pray judgment de terris, etc. and of the assets, quando, etc.

[Cited in Smith v. Charlton, 7 Grat. 465.]

This case came before the court at the April sessions, 1816, and upon a demurrer, which was adjudged good, a respondeas ouster was awarded. The defendants pleaded payment and no assets. In support of the first plea, they contended, that Charles Hurst, having been arrested under a capias ad satisfaciendum issued on the original judgment in 1791, was discharged by order of the plaintiff; and they offered to examine a witness to prove this fact.

BY THE COURT. The marshal having returned the capias ad satisfaciendum, non est inventus, that return cannot be traversed in this action.

It was stated by the counsel, in answer to this, that the real defendants in this case are the terre tenants, and that the rule stated by the court is not applicable to third persons, not parties to the original judgment.

BY THE COURT. We know of no party defendants but the person or persons so named in the record, and they are the legal representatives of Charles Hurst, the party to the original judgment, which the scire facias in this case is brought to revive. If the terre tenants have any equitable defence to make, it cannot be asserted in this suit. The plaintiff consented that the witness should be examined, but he proved nothing material to the point.

The defendants then gave in evidence, that in the year 1798, the agent of the plaintiff received an assignment of two bonds to be applied to the discharge of this judgment, which bonds had not been returned to Charles Hurst. It was proved, however, by the plaintiff, that the consideration of those bonds was land sold to the respective obligors, which could never be found, and, in consequence thereof, the contract was set aside by agreement of the parties; and Charles Hurst applied to the agent of the plaintiff to return the bonds, as they were worthless. This the agent promised to do, but at that time he could not lay his hands upon them, and it was afterwards neglected or not thought of.

THE COURT informed the jury that these bonds could upon no principle be considered as a payment. They were nothing more than blank paper. But if they had been good and available, and had even been paid in the year 1800, when they were to become due, the evidence would be inadmissible in this case, since

it appears, that in the scire facias to revive the original judgment, Charles Hurst, so far from pleading this payment, confessed judgment in 1806, and it is to revive that judgment that this scire facias was brought. Nothing which could have been pleaded in bar to the original scire facias, can be pleaded or given in evidence in this case.

THE COURT directed the jury to find for the plaintiff, on the plea of payment, and for the defendants, on the other plea.

NOTE. THE COURT at first directed the jury to find generally for the plaintiff. But it was stated by Mr. Fisher and some others of the bar, that the established practice was to find for the defendant, on the plea of no assets, and then for the plaintiff, to pray judgment de terris, &c., and of assets quando acciderint, which is entered as a matter of course. THE COURT so directed.

[See Case No. 17,808.]